1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 95CR1332-LAB |
| Plaintiff, | **ORDER DENYING JOINT MOTION FOR SENTENCING REDUCTION PER USSG AMENDMENT 782 AND 18 U.S.C. § 3582(c)(2)** |
| vs. | |
| VICTOR RODRIGUEZ-GOMEZ, | |
| Defendant. | |

### Preliminary Statement

This Court sentenced Rodriguez-Gomez to 48 months custody in 2013 after he pled guilty to a telephone drug count (21 U.S.C. § 843(b)). About a year later, the United States Sentencing Commission adopted Amendment 782 to the United States Sentencing Guidelines ("USSG" or "Guidelines"), which lowered the sentencing range for most federal drug offenses, including the defendant's offense. Another Amendment made the reduced sentencing ranges retroactive. *See* Amendment 788 (amending Guidelines § 1B1.10). Rodriguez-Gomez is eligible for a shorter sentence because the low end of his reduced sentencing range is 46 months – 2 months less than his original sentence. USSG § 1B1.10(b)(2)(A). He and the Government have filed a joint motion asking the Court to reduce his sentence, and 18 U.S.C. § 3582(c)(2) gives the Court authority to grant it.

But eligibility for a sentence reduction is not the same as entitlement to one. Both USSG § 1B1.10(b)(2) and § 3582(c)(2) describe the court's prerogative to reduce a sentence

in permissive terms (the court "may" reduce the sentence if the defendant is eligible), and the Supreme Court and the Ninth Circuit have characterized the decision as "discretionary." *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (". . . § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, *in its discretion*, the reduction . . . is warranted in whole or in part . . .") (italics added); *United States v. Colson*, 573 F.3d 915, 915-16 (9th Cir. 2009) (referring to the district court's *discretionary* denial of the defendant's 18 U.S.C. § 3582(c)(2) motion). The question here is whether reducing the defendant's sentence is equitable and warranted in consideration of the relevant § 3553(a) factors. *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013). They include: the nature and circumstances of the offense, and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims.

### § 3553(a) Analysis

The Court has reviewed Rodriguez-Gomez's probation report, originally filed on April 22, 2014. In summary, it establishes the following: For roughly an eight-month period between December 1994 and July 1995, the defendant supplied methamphetamine to an admitted drug trafficker, Robert Dale Milliner, and to others. During the same eight-month period, Milliner sold methamphetamine to an informant on 14 different occasions. Milliner was eventually arrested, and he told agents that he had been buying methamphetamine from Rodriguez-Gomez in incremental quantities, paying between $2,000 and $15,000.

Agents arrested Rodriguez-Gomez on August 9, 1995. He told them that he didn't know Milliner, but the agents knew that was a lie because on many occasions they had seen him coming and going from Milliner's house. One time, agents stopped Rodriguez-Gomez driving away from Milliner's. They found $15,000 in his car and seized it. Milliner admitted later that the money was payment for methamphetamine he had purchased from the defendant.

On other occasions before he was arrested, Rodriguez-Gomez negotiated directly with an informant and discussed various drug deals. One was for the defendant to supply the informant with between 15 and 25 pounds of methamphetamine. Another had Rodriguez-Gomez promising to supply 5 pounds of methamphetamine. Despite these negotiations, the defendant maintained post arrest that he was not involved in any form of drug activity.

The Government charged Rodriguez-Gomez with drug trafficking, and a judge released him on bond in September 1995. But he jumped bail and fled to Mexico before his scheduled trial date in November 1996. He remained there, on and off, for the next 8 years. Around 2004, he obtained a driver's license in his cousin's name and started venturing back into the U.S. under a false name. In 2008, he was arrested in a Los Angeles motel with a suitcase packed with 20 pounds of methamphetamine. He pled guilty to conspiracy to distribute methamphetamine in L.A. federal court, and was sentenced to 90 months. He was then returned to San Diego to face trial in this case. Not unexpectedly, considering the age of the case, prosecutors offered him a charge bargain: plead guilty to a phone count. He took it.

Under § 3553(a)(1), the Court finds that Rodriguez-Gomez's offense was aggravated. Before fleeing to Mexico in 1996, he had engaged in trafficking methamphetamine over a prolonged period of many months. During that period, he negotiated large, multi-kilo sales of the drug and he collected thousands of dollars of drug money. Methamphetamine is a particularly addictive and destructive drug, and Rodriguez-Gomez, as a purveyor of it, bears responsibility for the dismal tide of ill effects that it causes in our community and in our country.

The defendant compounded the seriousness of his drug trafficking offense by jumping bail and fleeing to a foreign country. More than a decade elapsed before he was caught and forced to answer for his offenses. Delay can be fatal in criminal cases, and it appears to have had a harmful effect here. Prosecutors offered a charge bargain that dramatically decreased Rodriguez-Gomez's sentencing exposure for his 1995 criminal conduct, despite the fact that he had committed another serious drug trafficking offense while he was on the lamb.

95CR1332

1   Hamstrung by the charge bargain, the Court could impose no more than the statutory
2   maximum of 48 months. Then and now, that sentence inadequately reflected the seriousness
3   and circumstances of the defendant's offense. Similarly, the Court's original sentence tended
4   only minimally to serve the objective of providing just punishment, considering Rodriguez-
5   Gomez's serial drug trafficking and his 12-year flight to avoid prosecution. USSG
6   § 3553(a)(2)(A). For both of these reasons, the suggestion that Rodriguez-Gomez's sentence
7   should now be shortened has no traction with the Court. The Court's decision to run the
8   sentence in this case consecutively to the 90-month sentence imposed in the L.A. case did
9   serve the objective of specifically deterring the defendant from involvement in future criminal
10  activity – at least for an additional 48 months. USSG § 3553(a)(2)(B). Summing up then,
11  considering the type and amount of drug involved; Rodriguez-Gomez's obstruction of justice;
12  and his subsequent recidivism, his original 48-month sentence was not disparate, except
13  perhaps in way that benefitted him. USSG § 3553(a)(6).

14       The Court has also considered the kinds of sentences available, the revised
15  sentencing range authorized by Amendment 782, and the Policy Statements of the
16  Sentencing Commission. When Rodriguez-Gomez was sentenced in 2013, his sentencing
17  exposure was substantially less than it would have been had he pled guilty or been convicted
18  of the original drug trafficking charges in 1996.[1] In effect, he gained advantages by willfully
19  obstructing and delaying justice. While the Court is prohibited from revisiting the defendant's
20  original sentence,[2] it finds that sentence was reasonable under all of the circumstances, and
21  that it remains so. The Court declines to reduce Rodriguez-Gomez's sentence – even by the
22  / / /
23  / / /
24  / / /
25
26       [1] Recall that the Sentencing Guidelines were mandatory in 1996.

27       [2] The Court acknowledges that it is not permitted to engage in a de novo resentencing in a
    § 3582(c)(2) proceeding, USSG. § 1B1.10(a)(3), p.s. ("[P]roceedings under § 3582(c)(2) and this
28  policy statement do not constitute a full resentencing of the defendant."), and is not doing so here.
    Instead, the Court is merely reevaluating relevant § 3553(a) factors, including the lower Guideline
    sentencing range, to determine if any reduction of sentence is warranted.

measly two months he requests – because to do so would be antithetical to the other important objectives of sentencing mentioned above.

**Conclusion**

For the above reasons, the Joint Application for Sentencing Reduction pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2) is **DENIED**.

**IT IS SO ORDERED**.

DATED:  August 13, 2015

**HONORABLE LARRY ALAN BURNS**
United States District Judge

95CR1332